

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00229-CR

_____


CLYDE WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 08M1064-CCL


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Clyde Washington appeals from his conviction by a jury of the offense of harassment.  *See*
TEX. PENAL CODE ANN. § 42.07 (Vernon 2003).  The jury assessed his punishment at 120 days'
confinement and a fine of $2,000.00.[1]  Washington was represented by the public defender's office
at trial and by appointed counsel on appeal.  Washington's attorney has filed a brief in which she
concludes that the appeal is frivolous and without merit, after a review of the record and the related
law.

Counsel states that she has studied the record and finds no error preserved for appeal that
could be successfully argued.  The brief contains a professional evaluation of the record and
advances two arguable grounds for review.  This meets the requirements of *Anders v. California*, 386
U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Washington on April 2, 2009, informing Washington
of his right to examine the entire appellate record and to file a pro se response.  Counsel
simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal, and
requesting an extension of time for Washington to file his pro se response.  That extension was
granted by this Court until May 28, 2009.  Counsel also notified this Court in that motion that

---

[1]Washington appeals from four separate convictions of harassment in companion appeals,
cause numbers 06-08-00228-CR, 06-08-00229-CR, 06-00230-CR, and 06-00231-CR, in which
opinions are released this date.  He was sentenced in each case to 120 days' confinement, with the
sentences to run concurrently and fines of $2,000.00.

Washington had not kept her office informed of his whereabouts since his release from custody and that she was uncertain as to whether he had received the letter and brief she had mailed to him. If a criminal defendant fails to keep his or her attorney informed of his or her current address, the defendant forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se response. *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008). Washington has not filed a response or a request for an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]


                                        Jack Carter
                                        Justice

Date Submitted:     July 2, 2009
Date Decided:       July 3, 2009

Do Not Publish

<hr />

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Washington in this case. No substitute counsel will be appointed. Should Washington wish to seek further review of this case by the Texas Court of Criminal Appeals, Washington must either retain an attorney to file a petition for discretionary review, or Washington must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.